# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**DAVID ALLEN LAVENDER,** )
)
           Plaintiff, )
)
v. )   **No. CIV 19-354-RAW-SPS**
)
**OKLAHOMA DEPARTMENT** )
**OF CORRECTIONS, et al.,** )
)
           Defendants. )

## OPINION AND ORDER

Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma. He has filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at DCF and other facilities (Dkt. 1). The defendants are the DOC; Core Civic Corrections; DCF; James Yates, DCF Warden; Ken Harvenick, Mack Alford Correctional Center (MACC Warden; Ray Larimer, DCF Health Care Director; E. Benedict, MACC Unit Manager; Serena Brewer, DCF Nurse; Fred Sanders, DCF Doctor; Terry Underwood, DCF Warden's Secretary; FNU Berry, DCF Unit Manager; FNU Bacon, DCF Unit Manager; FNU Brienfield, DCF Manager of Alpha South; Bryan P. Stice, DCF Alpha North Case Manager; Kevin Brown, DCF Chief of Security; FNU LNU, Doctor at Lexington A&R; Carolyn LNU; Eyeglasses Lady at Lexington A&R; FNU LNU, DCF Contract Monitor; FNU Johnson, DCF Officer on DCF Alpha North; Diana Jones, DCF Finance Manager; FNU LNU, MACC Case Manager; Charles Sanders, MACC Case Manager; FNU Martinez, Mail Clerk; FNU Frederick, DCF Intake Property Officer; Jamie Arcos, MACC Correctional Officer; FNU LNU, 2018 Head of Maintenance; FNU Bolt, MACC Warden; FNU Ritzendollar, N.P.C at William S. Key Correctional Center.

Plaintiff alleges he has not received the medical and dental care he needs. He also complains of, among other things, a delay in receiving his eyeglasses; billing problems; medical fraud; being forced to sign a write-up; denial of his level; denial of toiletry items, legal assistance, mail, adequate bedding, and access to services; and false charges of destruction of state property. He also rambles about terrorist attacks, the military, his family being held hostage, a sleeper cell, this country's borders, and other irrelevant issues. After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the

cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. **The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983.** *See Sutton v. Utah State Sch. for the Deaf*

3

*& Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). **Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a).**

Plaintiff has named the Oklahoma Department of Corrections as a defendant. This agency, however, is entitled to dismissal under the Eleventh Amendment. The Eleventh Amendment bars suits in federal court against a state. When a state agency is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." Oklahoma has not consented to be sued in federal court, *see* Okla. Stat. tit. 51, § 152.1, and § 1983 does not abrogate states' sovereign immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan County, Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011). Further, the DOC may not be named as a defendant in the amended complaint.

Regarding Defendant Davis Correctional Facility, it is merely the name of a detention facility which lacks the capacity to be sued. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"). Because DCF is a detention facility, and is not a "person" with a separate identity, dismissal of DCF is warranted, and DCF may not be named as a defendant in the amended complaint.

The amended complaint must provide a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall

identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

The amended complaint may present only civil rights claims related to Plaintiff's confinement which arose pursuant to 42 U.S.C. § 1983. He may not include his irrelevant allegations concerning terrorism, the military, his family, sleeper cells, borders, or the other related claims set forth in Paragraph 47 on pages 13-15 of the original complaint.

The Court Clerk is directed to send Plaintiff the proper form for filing an amended complaint. If Plaintiff fails to file an amended complaint in accordance with this Order, this action shall be dismissed.

**ACCORDINGLY,** Defendant Oklahoma Department of Corrections is DISMISSED WITHOUT PREJUDICE from this action, and Defendant Davis Correctional Facility is DISMISSED WITH PREJUDICE from this action. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 28th day of October 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma