# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID ALLEN LAVENDER,** | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 19-354-RAW-SPS |
| **OKLAHOMA DEPARTMENT OF CORRECTIONS, et al.,** | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff is a pro se former state prisoner[1] who filed this civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). He apparently is seeking relief for alleged constitutional violations occurring during his incarceration at numerous facilities. Plaintiff's 20-page complaint contains 73 "claims," along with 473 pages of exhibits (Dkt. 1). The following defendants are named: Oklahoma Department of Corrections (DOC); DOC Director; CoreCivic Corrections; Davis Correctional Facility (DCF); James Yates, DCF Warden; Ken Harvenick, Mack Alford Correctional Center (MACC) Warden; Ray Larimer, DCF Health Care Director; E. Benedict, MACC Unit Manager; Serena Brewer, DCF Nurse; Fred Sanders, DCF Doctor; Terry Underwood, DCF Warden's Secretary; FNU Berry, DCF Unit Manager; FNU Bacon, DCF Unit Manager; FNU Brienfield, DCF Manager of Alpha South; Bryan P. Stice, DCF Alpha North Case Manager; Kevin Brown, DCF Chief of Security; FNU LNU, Doctor at Lexington Assessment & Reception Center (A&R); Carolyn LNU, Eyeglasses Lady at Lexington A&R; FNU LNU, DCF Contract Monitor; FNU Johnson, DCF Officer

---

[1]According to the DOC Offender website at https://okoffender.doc.ok.gov, Plaintiff was released on probation on March 7, 2020. The Court takes judicial notice of the DOC website pursuant to Fed. R. Evid. 201. *See Triplet v. Franklin*, 365 F. App'x 86, 92 n.8 (10th Cir. Feb. 5, 2010).

on DCF Alpha North; Diana Jones, DCF Finance Manager; FNU LNU, MACC Case Manager; Charles Sanders, MACC Case Manager; FNU Martinez, Mail Clerk; FNU Frederick, DCF Intake Property Officer; Jamie Arcos, MACC Correctional Officer; FNU LNU, 2018 Head of Maintenance; FNU Bolt, MACC Warden; FNU Ritzendollar, N.P.C. at William S. Key Correctional Center.  (Dkt. 1 at 1, 5-7).

Upon review of the complaint, the Court directed Plaintiff to file an amended complaint on this Court's form in accordance with the Court's specific directions (Dkt. 7). After the Court granted Plaintiff's motion for extension of time to file a proposed amended complaint, he submitted a 163-page document naming 76 defendants, along with hundreds of pages of exhibits.  Because the proposed complaint does not comply with the instructions in the Court's previous Order, it cannot be filed.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  While Plaintiff has attempted to organize his proposed amended complaint, he did not use the Court's form as directed, nor is the proposed amended complaint presented in the format of the Court's form. The proposed complaint includes a 22-page Memorandum of Law that is not part of the form for this Court, and it contains 111 pages of 432 "amended claims."  Plaintiff also has submitted approximately 5-1/2 inches of exhibits.  Thus, the complaint is substantially noncompliant with Rule 8 and with this Court's instructions.

Furthermore, the defendants named in the proposed amended complaint are associated with numerous agencies and facilities located throughout the State of Oklahoma:  the DOC in Oklahoma City,[2] DCF in Holdenville, MACC in Stringtown, Lexington A&R in

---

[2] The proposed amended complaint again names the DOC as a defendant, contrary to the Court's express directions not to name this defendant in the amended complaint, because this agency is entitled to Eleventh Amendment immunity (Dkt. 7 at 4).

Lexington, William S. Key Correctional Center in Fort Supply, Avalon Tulsa Transitional Center in Tulsa, Family and Children's Services in Tulsa, and Morton Comprehensive Health Center in Tulsa. He also includes defendants related to "Granite," where Oklahoma State Reformatory is located. Of the above, only Davis Correctional Facility and Mack Alford Correctional Center are located within the Eastern District of Oklahoma. Plaintiff does not include any information concerning the location of some of the named defendants, and he has listed John and Jane Does with no addresses or job descriptions.

> Pursuant to 28 U.S.C. § 1391(b):
>
> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.*

When a case is filed in the wrong district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought." 28 U.S.C. § 1406(a). Here, the Court finds a transfer is not feasible, because the Court cannot transfer part of a complaint when the venue for that part is not proper. More important, the proposed amended complaint has too many other deficiencies to proceed.

In its earlier Opinion and Order, Plaintiff was advised that failure to comply with the Court's instructions on submitting a proper proposed amended complaint would result in dismissal of this action (Dkt. 7 at 6). Because Plaintiff has not followed the Court's directions, this action is dismissed without prejudice. *See Kosterow v. U.S. Marshals Serv.*,

345 F. App'x 321, 322 (Aug. 20, 2009). *See also United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to comply with an Order by the Court. All pending motions are DENIED AS MOOT.

**IT IS SO ORDERED** this 21st day of July 2020.

*[signature]*

Ronald A. White
United States District Judge
Eastern District of Oklahoma